JOHN RAVEN, Respondent, *v.* WILLIAM R. SMITH, Appellant.

*Judgment — when reversed.*

A judgment will not be reversed because of the improper admission of evidence
upon the trial of the action, unless the party against whom the judgment was
rendered was injured by the reception of such evidence.

APPEAL by the defendant, William R. Smith, from a judgment
of the Supreme Court in favor of the plaintiff, entered in the office
of the clerk of the county of Westchester on the 9th day of October,
1893, upon the verdict of a jury rendered after a trial at the West-
chester Circuit, and also from an order entered in said clerk's office
on the 5th day of October, 1893, denying the defendant's motion
for a new trial made upon the minutes.

*James R. Bowen,* for the appellant.

*Frederick W. Clark* and *A. J. Burns,* for the respondent.

PRATT, J. :

The plaintiff testified, under exception, that his men reported to
him that they had been stopped from work, having been discharged
by defendant. That did not injure defendant, for the fact of being
stopped was testified to by another witness and was not contradicted
by defendant, who went upon the witness stand at a later stage of
the trial.

It is also objected that plaintiff was allowed to put in evidence a
copy of a notice served by him on defendant, without having pre-
viously given notice for the production of the original. Such notice
was given at the trial, after defendant had failed to produce the
original. No suggestion was made that defendant was unable to
produce the original, or that he desired to do so. Nor did he, when
upon the witness stand, deny receiving the notice. It is plain that
defendant was not injured by the reception of the copy in evidence.

It appears that at the time the verbal contract was made a Mr.
Fairchild was present, who made minutes of the conversation.
Neither party asked him to produce his minutes, although he was
examined as a witness. Had they been produced it may well be
that we should be better satisfied with the proof. But the parties

elected to go to the jury upon their own testimony, and the verdict based upon it cannot be set aside as contrary to the evidence.

So as to the measure of damages. Two witnesses testified the work could be done at a cost that would allow plaintiff a profit of five cents a cubic yard. Three testified that it would cost much more than the agreed price.

As it is not disputed that plaintiff wished to proceed at the contract price, and was not called upon to do so, the jury may well have believed the plaintiff's witnesses.

We cannot say the verdict was wrong.

The judgment and order should be affirmed, with costs.

BROWN, P. J., concurred; DYKMAN, J., not sitting.

Judgment and order affirmed, with costs.